## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**FÉLIX CARTAGENA-MIRANDA**,
   Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,
   Defendant.

Civil No. 19-1528 (BJM)

## ORDER

Plaintiff Félix Cartagena-Miranda ("Cartagena") successfully challenged the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket Nos. ("Dkts.") 14, 16. His counsel, Louis A. De Mier-LeBlanc ("De Mier"), then requested $18,838.75 in attorney fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) ("406(b)"). Dkt. 18. He did not request attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The government responded with an informative motion. Dkt. 20.

To obtain fees, De Meir's petition must be timely, *Pais v. Kijakazi*, 52 F.4th 486, 490–91 (1st Cir. 2022) (discussing timeliness framework prior to that decision), and the requested fees must be reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Commissioner sent Cartagena a Notice of Award ("NOA") on April 28, 2020, which it corrected in a subsequent NOA on November 25, 2020. Dkt. 18-2 at 2. The Commissioner sent De Mier an NOA on July 24, 2022. Dkt. 20-1. And it sent a close-out letter on October 8, 2022 asking him to confirm whether he intended to request fees. Dkt. 20-2; *see also Lebron-Vazquez v. Comm'r of Soc. Sec.*, 2022 WL 225287, at *3 (D.P.R. Jan. 26, 2022) (explaining "close-out letters are not always mailed, but rather 'only if an attorney has not filed a petition with the court within 120 days and the agency is planning on returning to the claimant the funds they had previously withheld to pay an attorney

Case 3:19-cv-01528-BJM   Document 22   Filed 11/14/23   Page 2 of 4

*Cartagena Miranda v. Comm'r of Soc. Sec.*, Civil. No. 19-1528 (BJM)                                                                 2

fee'"). De Mier responded to the Commissioner on October 25, 2022 stating he would petition this court for fees. Dkt. 18-2 at 6–9. In that response, he asked the Commissioner to fax the most recent NOA sent to Cartagena because the amount withheld for fees in the April 28, 2020 NOA did not match the amount listed in the Commissioner's October 8, 2022 letter. Dkt. 18-2 at 6–9. On May 11, 2023, the Commissioner responded by faxing a copy of the November 25, 2020 NOA. *Id.* at 1–5. De Meir moved for fees on May 16, 2023. Dkt. 18.

De Meir's petition implicates multiple filing deadlines. When the Commissioner issued the initial NOA on April 28, 2020, it was this court's position "that Local Rule 54(b) applie[d] to 406(b) motions, but that the fourteen-day deadline for bringing such motions [wa]s tolled until counsel's receipt of a[n] . . . NOA, from the Commissioner." *Perez-Maldonado v. Comm'r of Soc. Sec.*, 2022 WL 292279, at *2 (D.P.R. Feb. 1, 2022) (motion premature because no NOA issued) (citing *Lebron-Vazquez*, 2022 WL 225287 (NOA issued August 27, 2020)). However, beginning February 28, 2022, Local Rule 9(d)(2) gave "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) . . . thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." *In Re: Adoption of Local Rules*, 03-MC-115 (D.P.R. Mar. 04, 2022) (ECF 71-1). Then, on November 1, 2022, the First Circuit determined the "reasonable time" standard in Fed. R. Civ. P. Rule 60, measured from the Commissioner's issuance of a NOA, should govern the timeliness of attorneys' fee petitions submitted under § 406(b)." *Pais*, 52 F.4th at 495.

Though he does not address the April 2020 Notice of Award, De Mier states the Commissioner issued an Important Information Letter on November 25, 2020. Dkt. 18 ¶ 2; Dkt. 18-2 at 2–5. That letter informed Cartagena that the Commission improperly withheld $19,414.25

Case 3:19-cv-01528-BJM   Document 22   Filed 11/14/23   Page 3 of 4

*Cartagena Miranda v. Comm'r of Soc. Sec.*, Civil. No. 19-1528 (BJM)   3

from his award and explained it should have only withheld $18,838.75. *Id.* at 2. The Commissioner refers to this as an NOA. Dkt. 20 at 3. It is unclear when De Mier first received this NOA. If he received it in late 2020 or anytime in 2021, he had fourteen days to file a motion for fees. He did not do so until May 2023. Thus, if he received the November 2020 NOA, his motion for fees is untimely.

Because De Mier does not address when, or if, he received the November 2020 NOA, the Commissioner also notes it provided him with a subsequent NOA on July 24, 2022 and he was presumed to have received it five days later, on July 29, 2022. *See* Dkt. 20-1; 20 C.F.R. § 404.901 ("*Date you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."). De Mier does not address the July 24, 2022 NOA. Assuming he received it on July 29, 2022, Local Rule 9(d)(2), which was the rule in effect at that time, gave him 30 days to move for fees. The thirtieth day after De Mier is assumed to have received the NOA, August 28, 2022, fell on a Sunday. As such, "the period continue[d] to run until the end of the next day that [wa]s not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6. Accordingly, De Mier should have moved for fees by August 29, 2022. As mentioned, he failed to do so until May 2023. Thus, his motion is untimely.

I note that, after receiving the Commissioner's October 8, 2022 close-out letter, De Mier responded on October 25, 2022 asking the Commissioner to clarify why that letter showed he was owed a smaller fee than that listed in the April 2020 NOA. However, this request did not fall within the 30-day window to move for fees under Local Rule 9(d)(2), which elapsed on August 29, 2022. Further, the Commissioner argues De Mier should have moved for fees and moved for a correction under the Local Rule. Dkt. 20 at 3–4 (citing *In Re: Adoption of Local Rules*, 03-MC-115 (D.P.R. Mar. 04, 2022) (ECF 71-1 at 2)). That rule states a party "shall" move for fees within thirty days

Case 3:19-cv-01528-BJM   Document 22   Filed 11/14/23   Page 4 of 4

*Cartagena Miranda v. Comm'r of Soc. Sec.*, Civil. No. 19-1528 (BJM) 4

of receiving a Notice of Award, while stating the party "may move for a correction of the 42 U.S.C. § 406(b) fee award if it is later found to be incorrect or incomplete." *Id.* As discussed, De Mier did neither. Moreover, this court has previously clarified that the proper time to file a motion for fees is calculated based on delivery of the NOA, not the closeout letter. *See Lebron-Vazquez*, 2022 WL 225287, at *3 ("I disagree with [counsel]'s argument that delivery . . . of the close-out letter rather than the NOA triggers the countdown to the deadline to file a 406(b) motion for fees.") (further citations omitted). Accordingly, De Mier's motion is untimely.

Further, De Mier, fails to explain why his motion is untimely. Instead, he matter-of-factly states the Commissioner issued an information letter, actually an NOA, on November 25, 2020 before moving on to address whether his requested fees are reasonable. Dkt. 18 at 1.

Though De Mier previously told the Commissioner he had not received the November 2020, NOA, he is presumed to have received the July 24, 2022 NOA on July 29, 2022. He offers no explanation for why he waited until October 25, 2022, nearly two months after the response deadline, to ask the Commissioner to clarify the discrepancy between its October 8, 2022 close-out letter and the April 2020 Notice of Award. And he failed to explain why he waited approximately ten months after receiving the July 2022 Notice of Award before moving for fees in this court.

For the foregoing reasons, De Mier's petition for attorney fees under 406(b) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of November 2023.

                                     S/ *Bruce J. McGiverin*
                                     BRUCE J. MCGIVERIN
                                     United States Magistrate Judge